**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RONDA DARLENE THOMAS**                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:16-CV-57-KS-MTP**

**ST. JOSEPH HOSPICE OF SOUTHERN
MISSISSIPPI, LLC**                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Partial Dismissal [4] filed by Defendant St. Joseph Hospice of Southern Mississippi, LLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I. BACKGROUND**

Plaintiff Ronda Darlene Thomas ("Plaintiff") filed this action against Defendant St. Joseph Hospice of Southern Mississippi, LLC ("Defendant"), claiming discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

At the time of her resignation, Plaintiff held the job title of Administrator and Director of Nursing, supervising Defendant's offices in Biloxi and Hattiesburg, Mississippi. (Complaint [1] at pp. 2-3.) Plaintiff's salary was $93,000 per year. (*Id.* at p. 3.) Defendant then hired John O'Neill ("O'Neill") as Executive Director of the Biloxi location, and gave him the salary of $105,000 per year. (*Id.*) After learning about the pay discrepancy between herself and O'Neill, Plaintiff claims that she was forced to resign. (*Id.* at p. 2.)

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission

("EEOC") as required by Title VII. (*Id.* at p. 5.) In this charge, she stated that she "resigned [her] employment because [she] was not being paid the same salary as the male Executive Director hired for the Biloxi, MS [sic] office." (EEOC Charge [4-1].) After failed attempts at conciliation, the EEOC issued a Notice of Right-to-Sue, and Plaintiff subsequently filed the current action in this Court on April 26, 2016. (Complaint [1] at p. 5.)

On July 5, 2016, Defendant filed its Motion for Partial Dismissal [4] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff has not adequately pleaded that her resignation was a constructive discharge as a matter of law and that she is consequently not entitled to back pay damages. After considering the submissions of both parties regarding this motion, along with the record and the applicable law, the Court is now ready to rule.

## II.  DISCUSSION

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*,

550 U.S. at 555, 127 S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

Ordinarily, a motion to dismiss under Rule 12(b)(6) is limited to the contents of the pleadings and any documents attached to them. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However,"[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (alteration in original). Because the EEOC charge is referenced in the Complaint [1] and central to Plaintiff's claims, it may be considered in analyzing the current motion. *See Johnson v. McDonald*, 623 F.App'x 701, 704 n.2 (5th Cir. 2015) (holding an EEOC charge was properly considered in analyzing a motion under Rule 12(b)(6)).

In its Motion for Partial Dismissal [4], Defendant argues that any claim by Plaintiff related to her alleged constructive discharge and any claim for damages result from such a discharge should be dismissed as a matter of law.[1] In order to show that a resignation was in fact a constructive discharge, "an employee must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994). Though this is a factually intensive inquiry, the following factors are illustrative:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4)

---

[1] Parties agree that any such claim should be analyzed under Title VII and not the Equal Pay Act. (*See* Defendant's Memo. in Support [5] at p. 5; Plaintiff's Memo. in Response [10] at p. 4.)

> reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement on terms that would make the employee worse off whether the offer was accepted or not.

*Id.* Importantly, "unequal pay alone does not constitute such an aggravated situation that a reasonable employee would be forced to resign." *Bourque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 66 (5th Cir. 1980); *see also Brown v. Kinney Shoe Corp*, 237 F.3d 556, 566 (5th Cir. 2001) ("Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge . . . .").

In her Complaint, Plaintiff claims that she was "forced to resign," but gives no explanation as to how Defendant forced her resignation. (*See* Complaint [1] at p. 2.) However, in her EEOC charge, she explains that she "resigned [her] employment because [she] was not being paid the same salary as the male Executive Director hired for the Biloxi, MS [sic] office." (EEOC Charge [4-1].) This type of discrimination alone, though, is not a basis for a constructive discharge. *See Bourque*, 617 F.2d at 66; *Brown*, 237 F.3d at 566. The only other conclusory allegation she makes is that O'Neill "took part of her job functions." (Complaint [1] at p. 3.) She has not, however, sufficiently pleaded that this resulted in such a reduction in her job responsibilities as to amount to a constructive discharge.

In her response to Defendant's motion, Plaintiff argues that she was resigned "primarily as a result of the hostile work environment created by the Defendant which forced her out of the company." (Plaintiff's Memo. in Response [10] at p. 6.) However, nowhere in her Complaint does she allege a hostile work environment existed. Furthermore, "[c]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Brown*, 237 F.3d at 566. Even if she had made out a claim for a hostile work environment, then, that alone would not

be enough to show she was constructively discharged.

The Court therefore finds that Plaintiff has not sufficiently pleaded that she was constructively discharged as a matter of law, and this claim will be **dismissed with prejudice**.. The Fifth Circuit has held that back pay for wages lost after the date of resignation cannot be recovered if no constructive discharge is shown. *Boehms v. Crowell*, 139 F.3d 452, 461 (5th Cir. 1998) (citing *Jurgens v. Equal Emp't Opportunity Comm'n*, 903 F.2d 386, 389 (5th Cir. 1990)).  Therefore, any claims Plaintiff makes for wages lost after the date of her resignation will also be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Partial Dismissal [4] is **granted**.  Plaintiff's claims of constructive discharge and for wages lost after the date of her resignation are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 4th day of August, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE